UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMERICAN GOLD EXCHANGE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-cv-00049-RP |
| | § | |
| SHAOLIN GRIFFIN, individually, and as the putative successor trustee of the Patricia Griffin Revocable Trust, BAHATI GRIFFIN, the PERSONAL REPRESENTATIVE OF THE ESTATE OF PATRICIA ANNE GRIFFIN, DECEASED, ANTOINETTE LASKY, JOSEPH BACON, ADELAIDA HILTON, and BERNARD BACON, | § § § § § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S MOTION FOR LEAVE TO
DEPOSIT 670 GOLD COINS INTO THE REGISTRY OF THE COURT AND
<u>FOR ENTRY OF JUDGMENT OF INTERPLEADER</u>**

NOW COMES AMERICAN GOLD EXCHANGE, INC., PLAINTIFF, and moves this Court for orders: (1) permitting Plaintiff to deposit the 670 Gold Coins which are the subject of this interpleader action into the registry of this Court; (2) upon Plaintiff making such deposit, entering judgment of interpleader, discharging Plaintiff from any and all liability as to any claim related in any way to the 670 Gold Coins and enjoining the Defendants from instituting or prosecuting any claims or actions against Plaintiff in any forum related in any way to the 670 Gold Coins; and (3.) reserving jurisdiction to award attorney's fees to Plaintiff. In support of this Motion, Plaintiff would show the Court as follows:

1

1. Plaintiff is American Gold Exchange, Inc.

2. Defendants are Shaolin Griffin, individually, and as the putative successor trustee of the Patricia Griffin Revocable Trust; Bahati Griffin; Antoinette Lasky; Joseph Bacon; Adelaida Hilton; Bernard Bacon; and the Personal Representative of the Estate of Patricia Anne Griffin, Deceased.

3. Plaintiff filed this suit in interpleader pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1335, for the reasons identified initially in Plaintiff's Complaint in Interpleader [No. 1] and for the further reasons spelled out in Plaintiff's First Amended Complaint in Interpleader [No. 3].

4. This Court has jurisdiction in this matter, as set out in Plaintiff's pleadings and in its response in opposition [No. 8] to the Defendants' motion to dismiss [No. 5].

5. As identified in Plaintiff's pleadings,[1] the "stake" in this interpleader action is 670 Gold Coins, comprising:

    70 pieces – South African gold Krugerrand coins (1 oz. each); and
    600 pieces – Swiss gold 20 Franc coins (0.1867 oz. each).

6. Plaintiff is a mere stakeholder and claims no interest in the 670 Gold Coins, other than to recover its costs and attorney's fees incurred in this action.

7. Plaintiff has necessarily incurred attorney's fees and other costs and expenses as a result of these proceedings.

---

[1] Original Complaint [No. 1] at para. 8, p. 3; Amended Complaint [No. 3] at para. 12, p. 4.

8. Plaintiff tendered the 670 Gold Coins to this Court in its initial pleading in this case[2] and has continued to do so.[3] At this time, Plaintiff seeks leave of this Court to physically deposit the 670 Gold Coins into the registry of the Court. The 670 Gold Coins can be transported and stored in a box approximately 4" x 2.5" x 12". Plaintiff seeks an order permitting Plaintiff's employees to deliver the 670 Gold Coins to the Clerk of the Court at the United States Courthouse, 501 W. 5th Street, Austin, TX 78701, to be placed into the registry of this Court pending the issuance of further orders in this matter.

9. Upon successfully delivering the 670 Gold Coins into the Court's registry, Plaintiff asks that this Court enter an appropriate judgment of interpleader, discharging Plaintiff from any and all liability as to any claim related in any way to the 670 Gold Coins and enjoining the Defendants from instituting or prosecuting any claims or actions against Plaintiff in any forum related in any way to the 670 Gold Coins. Plaintiff asks that the judgment of interpleader reserve jurisdiction to award attorney's fees and costs of court to Plaintiff.

10. After the issue of attorney's fees and costs is decided, Plaintiff asks that it be dismissed from further involvement in this matter.

WHEREFORE, pursuant to 28 U.S.C. § 1335 and Fed. R. Civ. P. 22, Plaintiff asks that the relief requested in this Motion be granted in all respects and that Plaintiff be afforded such other and further relief to which it may be justly entitled.

---

[2]Original Complaint [No. 1] at para. 30, p. 9.

[3]Amended Complaint [No. 3] at para. 50, p. 18.

Respectfully submitted,

By:    */s/Terence L. Thompson*
    Terence L. Thompson
    Texas Bar No. 19943700
    tthompson@fjt-law.com

FLAHERTY JONES THOMPSON PLLC
7800 N. Mopac, Suite 101
Austin, TX 78759
(512) 407-9871 [telephone]
(512) 872-5085 [fax]

**Counsel for Plaintiff**
**American Gold Exchange, Inc.**


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was delivered to the following counsel of record in compliance with Rule 5, Federal Rules of Civil Procedure, on June 29, 2022:

Carl J. Kolb
CARL J. KOLB P.C.
501 Congress
Ste. 150
PO Box 309
Austin, TX 78767
service@carlkolblaw.com

      */s/Terence L. Thompson*
      Terence L. Thompson